IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ORLANDO VALOY,

                Petitioner,

v.                                                                      OPINION and ORDER

WARDEN E. EMMERICH,                                  24-cv-895-jdp

                Respondent.

---

ORLANDO VALOY,

                Petitioner,

v.                                                                      OPINION and ORDER

BUREAU OF IMMIGRATION & CUSTOMS            25-cv-88-jdp
ENFORCEMENT,

                Respondent.

---

Orlando Valoy, proceeding without counsel, seeks habeas corpus relief under 28 U.S.C. § 2241, seeking an order directing the Bureau of Prisons to apply First Step Act time credits entitling him to immediate placement in prerelease custody. During the briefing of Valoy's petition in Case No. 24-cv-895, Valoy filed a second petition, which was assigned Case No. 25-cv-88. Because Valoy is subject to a final order of removal that bars the application of his First Step Act time credits, I will deny both of his habeas petitions.

ANALYSIS

Valoy has accrued enough First Step Act time credits for immediate placement in prerelease custody. *See* Dkt. 1-2 in the '895 case. The BOP is denying Valoy those credits, stating that he is subject to a final order of removal. The First Step Act prohibits the BOP from

applying earned-time credit toward prerelease custody or supervised release if the prisoner is "the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i); *see also* 28 C.F.R. § 523.44(a)(2).

Valoy contends that he's isn't subject to a final order of removal. But he attaches to his initial petition a July 16, 2024 Notice and Order of Expedited Removal. Dkt. 1-1 in the '895 case. The order states that Valoy is inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) because (1) he's a native and citizen of the Colombia; and (2) he lacks valid entry documentation. *See id.* This order qualifies as a final order of removal. *See Riley v. Bondi*, 145 S. Ct. 2190, 2198 (2025).

Valoy contends that this order is invalid for a number of reasons. But with limited exceptions inapplicable here, only the court of appeals has jurisdiction to hear a challenge to the validity of a final order of removal. *See* 8 U.S.C. § 1252(a)(5). I cannot consider this argument further.

Valoy also contends that the order is not final because he seeks to challenge his removal on the ground that he would face persecution upon his return to Colombia. This is another argument that this court cannot hear. In any event, any further challenge that Valoy intends to raise on this issue doesn't alter the finality of his current order of removal. *See Johnson v. Guzman-Chavez*, 594 U.S. 523, 539 (2021) ("the finality of the order of removal does not depend in any way on the outcome of [a motion for withholding of removal under the Convention Against Torture"]).

Because Valoy is subject to a final order of removal, he is not entitled to the application of his First Step Act credits to his sentence. So I will deny both of his habeas petitions.

ORDER

IT IS ORDERED that:

1. Petitioner Orlando Valoy's petitions for a writ of habeas corpus under 28 U.S.C. § 2241 are DENIED.

2. The clerk of court is directed to enter judgment accordingly and close these cases.

Entered October 27, 2025.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge